# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-117 (PLF/GMH) |
| | ) | |
| DERRICK WILLS, | ) | |
| | ) | |
| Defendant. | ) | |

## DETENTION MEMORANDUM

This matter comes before the Court upon the application of the United States that Defendant, Derrick Wills, be detained pending trial pursuant to 18 U.S.C. § 3142. Defendant is charged by indictment with one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of unlawful possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The Court held a detention hearing on May 7, 2018. At the conclusion of that hearing and upon consideration of the proffers and arguments of counsel and the entire record herein, the Court ordered Defendant held without bond. This memorandum is submitted in compliance with the statutory obligation that "the judicial officer shall . . . include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

At the detention hearing, the United States proceeded by proffer based on the indictment. The defense offered no contrary evidence on the merits of the offense, nor challenged the government's factual proffer. Accordingly, the Court makes the following findings of fact

regarding the government's allegations.

At approximately 5:00 p.m. on February 9, 2018, four uniformed members of the Metropolitan Police Department were in a police vehicle patrolling the 2300 block of Good Hope Court in the southeast quadrant of Washington, D.C. They observed Defendant and two other individuals near an adjacent parking lot. Defendant had been walking toward the parking lot, but when he saw the officers, he stopped, turned around, and started walking quickly in the opposite direction. Officers left the vehicle to make contact with Defendant, who fled while clutching the waistband of his pants with his right hand in a manner consistent with a person securing an object in the waistband.

An officer pursued Defendant but briefly lost sight of him when he rounded a corner. While Defendant was out of the officer's sight, the officer heard the sound of a metallic object hitting a hard surface, such as the side of a building or the ground. When he regained visual contact with Defendant, the officer observed him retracting his arm as if he had just tossed something. Defendant continued to run, but no longer held the waistband of his pants. The pursuing officer soon apprehended Defendant.

After detaining Defendant, officers searched the area for a firearm. An individual (who preferred to remain anonymous) stated that she saw Defendant throw a gun into the bushes. A few minutes later, officers retrieved a FNH USA Model FNX-9 handgun with one round in the chamber and nine rounds in the seventeen-round magazine from the bushes the individual had indicated, which were also directly in front of the building where the officer heard the clang of metal hitting concrete and observed the follow-through of Defendant's tossing motion. Upon searching Defendant, officers discovered three separate sandwich bags containing a total of just over three

ounces of a green leafy substance that field-tested positive for THC, the active ingredient in marijuana. Defendant denied having a firearm, but admitted that he fled because he was carrying the marijuana. Defendant was arrested and charged in D.C. Superior Court, where he was held without bond. He was later indicted in this Court on the three charges outlined above, and the local case was dismissed.

### B. Defendant's Criminal History

On August 9, 2013, Defendant was convicted of robbery with a dangerous weapon and use of a handgun during a crime of violence. He was sentenced to a term of five years imprisonment and five years of supervised release. Defendant was under supervision for those crimes when he was arrested in this case.

## LEGAL STANDARD

The Bail Reform Act of 1984, 18 U.S.C. § 3142 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, even if a defendant is not considered a flight risk, his or her danger to the community alone is sufficient reason to order pretrial detention, and vice versa. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Where the judicial officer's justification for detention is premised upon the safety of the community, the decision must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2). Where the justification for detention is risk of flight, the decision must be supported by a preponderance of

the evidence. *See United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

## ANALYSIS

### A. Application of the Section 3142(g) Factors

Pursuant to 18 U.S.C. § 3142(g), the four factors that a court must consider in making a bond determination are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Addressing those factors, the Court has determined that Defendant should be detained while awaiting trial because he is a danger to the community.

#### 1. *Nature and Circumstances of the Charged Offense*

The first factor, the nature and circumstances of the charged offense, favors detention. This factor asks the Court to consider "the nature and circumstances of the offense charged" as a general matter, but points especially to instances where "the offense is a crime of violence . . . or involves a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Here, the indictment and the government's proffer establish probable cause to believe Defendant engaged in a drug trafficking offense while carrying a loaded firearm. "[A]lthough the mere fact that the defendant possessed a firearm does not constitute evidence of a danger to the community, possession of a firearm by a convicted felon who is allegedly engaged in illegal drug distribution is a different matter." *United States v. Taylor*, 289 F. Supp. 3d 55, 71 (D.D.C. 2018). To be sure, the amount of marijuana recovered is not large. However, the grand jury found that the amount and, presumably, the packaging was consistent with intent to distribute the drug. Finally, the charge of possessing a firearm during a drug trafficking offense carries a mandatory minimum

4

term of imprisonment of five years, 18 U.S.C. § 924(c)(1)(A)(i), reflecting Congress' judgment as to the seriousness of the offense. Therefore, the nature and circumstances of the offense weigh in favor of detention.

   2.   *The Weight of the Evidence*

The weight of the evidence against Defendant is strong and also favors detention. As outlined above, law enforcement recovered drugs packaged for resale from Defendant's person. And, although law enforcement did not see Defendant toss away the gun, another individual witnessed it and directed officers to the place where the weapon was ultimately found. That witness' statement, as well as Defendant's flight, was captured by at least one officer's body camera. Moreover, that location where the gun was found was in front of a building against which the officer who gave chase reportedly heard a metal object hit. Thus, there is strong evidence that Defendant possessed the gun. Contrary to Defendant's suggestion, the fact that a few minutes elapsed between Defendant's alleged disposal of the gun and its recovery does not undermine that conclusion, as the period of time was quite short. Finally, Defendant's prior felony conviction is a matter of public record.

   3.   *The History and Characteristics of Defendant*

The history and characteristics of Defendant also favor detention. Section 3142(g)(3) directs the Court to consider: (1) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (2) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or

5

completion of sentence for an offense under federal, state, or local law.  18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant has been convicted of a crime of violence—robbery—in which a handgun was used.  His recent arrest, which also includes firearms charges, occurred while he was serving his term of supervised release for those convictions.  Indeed, he was arrested on this charge a scant two months after his release from prison on the robbery charge.  The fact that he violated one of the most important conditions of his release—that he should not engage in other criminal activity—indicates that Defendant is unwilling to conform his conduct to the dictates of the law.  Moreover, the judicial officer at the D.C. Superior Court who ordered him held in connection with the conduct at issue here apparently came to a similar conclusion.  For these reasons, Defendant's history and characteristics militate in favor of detention.

    *4.*  *The Danger to the Community*

The fourth factor, the danger to the community posed by Defendant were he to be released, also weighs in favor of detention.  The danger to the community posed by his possession of a weapon and drug dealing is discussed above and requires no further explanation here.

For these reasons, the Court has little confidence that, if released, Defendant would not continue to engage in criminal activity.  The undersigned therefore finds that there is no condition or combination of conditions that would keep the community safe if Defendant were released.

**CONCLUSION**

Based on the consideration of all the evidence, the factors set forth in section 3142(g), and all lesser restrictive alternatives to pretrial detention, the Court finds by clear and convincing evidence that no condition or combination of conditions exist that would reasonably assure the

safety of any other person or of the community if Defendant was released. Therefore, the government's motion for pretrial detention is **GRANTED**.

## DIRECTIONS REGARDING DETENTION

Defendant is **ORDERED** remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: May 8, 2018

                                                            G. MICHAEL HARVEY
                                                            UNITED STATES MAGISTRATE JUDGE