UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
      v.                            )     Criminal No. 18-0117 (PLF)
                                    )
DERRICK WILLS,                      )
                                    )
            Defendant.              )
_____ )

MEMORANDUM OPINION AND ORDER

On August 8, 2018, the Court issued an opinion granting defendant Derrick Wills' motions to suppress statements and tangible evidence. The Court found that an initial search of Mr. Wills' backpack at the scene of his arrest had been unlawful – it was not a valid Terry frisk and preceded the discovery of the firearm in the bushes that subsequently established probable cause. As a result, the Court analyzed whether the contents of Mr. Wills' backpack would have been inevitably discovered in a lawful search incident to arrest, thus qualifying for an exception to the exclusionary rule. Because the government had not demonstrated that the backpack contents would have been inevitably discovered, however, the Court suppressed the backpack contents, as well as Mr. Wills' statements relating to them, as fruit of the poisonous tree. In addition, the Court suppressed Mr. Wills' statement to Officer Dmitry Gendelman that he threw a knife as a result of the failure to first provide Mr. Wills with the requisite Miranda warnings.

This matter now comes before the Court on the government's motion [Dkt. No. 26] to reconsider the Court's opinion granting Mr. Wills' motions to suppress. On August 14, 2018, the parties appeared for a status conference, at which the Court heard oral argument from counsel for both parties on the motion. At the hearing, defense counsel explained that she was

willing to submit a written opposition as well, but felt comfortable resting on her oral representations unless the Court requested further briefing. Having considered the written motion, the parties' arguments, and the entire record in this case, the Court denies the government's motion for reconsideration.

In its motion, the government asserts that if the Court were to find the search of Mr. Wills' backpack to be legal, "then no taint exists" and the Court would be free to consider the government's further arguments regarding suppression. See Mot. at 2. The government then proceeds to describe various judicial decisions that address the search incident to arrest doctrine, arguing that these cases, including several cited by the Court in its earlier opinion, "do not hold that a search of a backpack in the defendant's immediate possession would not fall within the search-incident-to-arrest exception." See id.[1]

Simply put, the government's motion entirely misses the mark. Of course, the government's naked statement of the law is correct – had the Court found the search of Mr. Wills' backpack to be lawful, there would have been no Fourth Amendment violation and thus no fruit of any poisonous tree. But that is not this case. The Court found the initial search of Mr. Wills' backpack to have been a clear violation of his Fourth Amendment rights. See Op. at 6-11. And as a result, the Court proceeded to analyze whether the inevitable discovery

---

[1] Considering that the officers searched Mr. Wills' backpack a total of three times prior to leaving the scene of his arrest, and the Court addressed each of these three searches in its prior opinion, the Court found the government's arguments in its written submission to be quite opaque. At oral argument, however, the government clarified that it presumed the first search to have been unlawful for purposes of its motion for reconsideration and thus alternately argued (1) that the second and third searches would have been lawful as initial searches if the first search had never occurred; and (2) that the inevitable discovery doctrine "converts" the initial illegal search into a legal one.

doctrine might nonetheless except the backpack contents from the exclusionary rule.[2] In doing so, the Court found it impossible to do more than speculate as to what would have inevitably occurred, to determine whether various hypothetical facts might have justified the search incident to arrest exception to the Fourth Amendment's general warrant requirement. See Op. at 11-17. As the Court explained, "[s]uch hypothesizing and speculation is the very antithesis of the inevitable discovery doctrine." See id. at 15 (citing United States v. Holmes, 505 F.3d 1288, 1293 (D.C. Cir. 2007)); see also United States v. Holmes, 505 F.3d at 1293 ("Inevitable discovery involves no speculative elements." (quoting Nix v. Williams, 467 U.S. 431, 444 n.5 (1984))). The Court thus concluded that the government had failed to meet its burden to "show what the officers necessarily would have done absent the initial illegal search," and as a result, "the lawful discovery of the contents of Mr. Wills' backpack was not inevitable." See Op. at 17 (first citing Nix v. Williams, 467 U.S. at 444 n.5; then citing Gore v. United States, 145 A.3d 540, 548-49 (D.C. 2016)).

The government has utterly failed to respond to this conclusion of the Court. Instead, its motion includes citations to not less than seventeen cases that involve searches incident to arrest and have absolutely nothing to do with the inevitable discovery doctrine.[3] And

---

[2] The government claims that "[i]t is difficult to see how the Cook case – which is primarily cited by this Court – is distinguishable from this scenario." See Mot. at 3 (citing United States v. Cook, 808 F.3d 1195 (9th Cir. 2015)). As the Court hopes this subsequent decision will now make abundantly clear: the crucial distinction is the inevitable discovery doctrine itself and the fact that the Ninth Circuit's decision in Cook, like the vast majority of other cases cited by the government, had nothing to do with the inevitable discovery doctrine.

[3] The two additional cases cited by the government are equally unhelpful. In United States v. Abdul-Saboor, the D.C. Circuit found that a lawful search incident to arrest, and thus did not reach the issue of inevitable discovery. See United States v. Abdul-Saboor, 85 F.3d 664, 667, 671 (D.C. Cir. 1996); see also Op. at 14 (discussing the search incident to arrest doctrine, the Abdul-Saboor decision, and its limited relevance to the instant case). And in United States v. Roper, a case decided well over thirty years ago, the Eleventh Circuit applied Fifth

3

in doing so, the government asks this Court to do what it explicitly refused to do in its earlier opinion – speculate about the various courses of conduct available to the officers which <u>might</u> have resulted in a lawful discovery of the contents of Mr. Wills' backpack. <u>See</u> Op. at 15-17. But as the Court made clear in its earlier opinion: "all of this is nothing more than possibility." <u>See</u> <u>id</u>. at 17 (quoting <u>United States v. Holmes</u>, 505 F.3d at 1294).

        The government further claims that "the Court's ruling implies that police would have needed to remove backpacks from arrested persons who have bags on their persons and then get a separate warrant for such containers." <u>See</u> Mot. at 8. But this characterization similarly ignores the crux of the Court's decision. In ruling on the applicability of the inevitable discovery doctrine, the Court did not decide the validity of any search incident to arrest on its merits. Rather, the Court decided only whether the contents of Mr. Wills' backpack would have been inevitably discovered pursuant to a lawful search incident to arrest. And in ruling that discovery was not inevitable, the Court made no comment as to the circumstances in which law enforcement may always, sometimes, or never search a backpack incident to arrest, instead noting that each case "depends on a fact-intensive assessment of the totality of the circumstances." <u>See</u> Op. at 13 (citing <u>United States v. Myers</u>, 308 F.3d 251, 266 (3d Cir. 2002)). The Court simply ruled that the facts and circumstances presented here were too hypothetical to determine, based on the application of two highly fact-intensive legal standards, that the contents

---

Circuit precedent to facts quite different from those presented here. <u>See</u> <u>United States v. Roper</u>, 681 F.2d 1354, 1357-58 (11th Cir. 1982) (explaining that, at the time of the search and seizure, "agents had probable cause to make the arrest," and thus although the arrest was "effectuated in a somewhat unusual manner," the inevitable discovery doctrine applied regardless of any Fourth or Fifth Amendment violation). The Court further notes that the <u>Roper</u> decision predates the Supreme Court's seminal Fourth Amendment ruling in <u>Arizona v. Gant</u>, 556 U.S. 332 (2009), clarifying the limited scope of the search incident to arrest exception.

4

of Mr. Wills' backpack would have been inevitably discovered as a lawful search incident to his arrest.

For the foregoing reasons, it is hereby

ORDERED that the government's motion [Dkt. No. 26] to reconsider the Court's opinion granting the motions to suppress is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 16, 2018